Filed 10/3/13  P. v. Williamson CA5

IN THE

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL OF THE STATE OF CALIFORNIA

## IN AND FOR THE

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANGELITO GARIN WILLIAMSON,<br><br>　　　　Defendant and Appellant. | F064010<br><br>(Super. Ct. No. 08CM1499)<br><br>**MODIFICATION OF OPINION**<br>**[No Change in Judgment]** |

BY THE COURT:

　　　　It is ordered that the nonpublished opinion filed in the instant case on September 23, 2013, be modified as follows:

　　　　"*People v. Fuquay* (2013) 215 Cal.App.4th 883, 912;" is deleted from the last paragraph on page 5.

　　　　This modification does not change the judgment.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Franson, J.

WE CONCUR:


_____
Kane, Acting P.J.


_____
Detjen, J.

Filed 9/23/13 (unmodified version)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGELITO GARIN WILLIAMSON,<br><br>Defendant and Appellant. | F064010<br><br>(Super. Ct. No. 08CM1499)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Hayes H. Gable, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Kane, Acting P.J., Detjen, J. and Franson, J.

Following a bench trial, the court convicted appellant, Angelito Garin Williamson, of oral copulation or sexual penetration of a child under the age of 10 (count 1/Pen. Code, § 288.7, subd. (b))[1]; oral copulation with a child under the age of 14 and more than 10 years younger than the defendant (count 3/§ 288a, subd. (c)(1)); forcible oral copulation (count 4/§ 288(a), subd. (c)(2)); and lewd and lascivious conduct by force with a child under the age of 14 (count 5/§ 288, subd. (b)(1)).

On appeal, Williamson contends the court violated his federal right to due process by its failure to question him regarding his rejection of a plea offer. We affirm.

## FACTS

On May 17, 2008, Williamson was arrested after his girlfriend's daughter reported that Williamson had been molesting her on an ongoing basis.

On February 10, 2009, the district attorney filed an amended information charging Williamson with the counts he was convicted of and one count of continuous sexual abuse of a child (count 2/§ 288.5).

On October 29, 2009, the court suspended criminal proceedings and committed Williamson to Atascadero State Hospital for treatment after finding Williamson incompetent to stand trial.

On December 14, 2009, the court found Williamson had regained his competency and reinstated criminal proceedings.

At a hearing on November 10, 2010, the prosecutor offered a stipulated, determinate sentence of 12 years for appellant's plea to one count. Defense counsel asked the court for a few minutes so Williamson could consider the offer and the court eventually continued the matter two days.

---

[1]     All further statutory references are to the Penal Code.

2

On November 12, 2010, the court asked defense counsel if there had been a resolution of the matter and counsel advised the court there had not. The court then set a date for the pretrial.

On March 25, 2011, the court again suspended criminal proceedings after it again found Williamson incompetent to stand trial. On June 22, 2011, the court reinstated criminal proceedings after again finding Williamson competent to stand trial.

On October 25, 2011, following Williamson's waiver of his right to a jury trial, a court trial in this matter began.

On October 28, 2011, the court granted the prosecutor's motion to dismiss count 2 and it convicted Williamson on the remaining counts.

On November 30, 2011, the court sentenced Williamson to an aggregate, indeterminate term of 23 years to life, an eight year term on count 3, an indeterminate term of 15 years to life on count 1, and stayed terms on counts 4 and 5.

## **DISCUSSION**

In *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), the Supreme Court held that counsel is required to advise a defendant of the immigration consequences of his plea. (*Id*. at p. 359.) In *Missouri v. Frye* (2012) 132 S.Ct. 1399 (*Missouri*), the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." (*Id*. at p. 1408.) In *Lafler v. Cooper* (2012) 132 S.Ct. 1376 (*Lafler*), the Supreme Court considered "how to apply *Strickland's*[2] prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." (*Id*. at p. 1384.)

---

**2** In *Strickland v. Washington* (1984) 466 U.S. 668, 694, the Supreme Court held that a defendant claiming ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Additionally, due process requires the trial court to advise a defendant of his rights of confrontation, to a jury trial and against self-incrimination, and to take an appropriate waiver of those rights before a defendant may validly enter a guilty plea. (*Boykin v. Alabama* (1969) 395 U.S. 238, 242-243 (*Boykin*); *In re Tahl* (1960) 1 Cal.3d 122, 124 (*Tahl*).)

Williamson cites *Padilla*, *Missouri*, and *Lafler* to contend that because the Supreme Court recently expanded a defendant's rights during plea bargaining, the "same reasons" that justify requiring a court to advise a defendant of his constitutional rights and to take an adequate waiver of those rights justify "that such an on-the-record inquiry be conducted to safeguard a defendant's rejection of a plea offer." Thus, according to Williamson, the trial court denied him his federal right to due process by its failure "to question [him] to ensure that he knowingly, voluntarily, and intelligently understood the People's offer and the possible consequences of rejecting such an offer." Williamson is wrong.

In *Boykin,* the court explained the rationale for requiring a court to inquire into the voluntariness of a plea:

> "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. [Citation.] Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' [Citation.] The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In *Carnley v. Cochran*, 369 U.S. 506, 516, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

> "We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats

4

might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. [Citation.]

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation.] Second, is the right to trial by jury. [Citation]. Third, is the right to confront one's accusers. [Citation] We cannot presume a waiver of these three important federal rights from a silent record.

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought [citations], and forestalls the spin-off of collateral proceedings that seek to probe murky memories." (*Boykin, supra,* 395 U.S. at pp. 242-244, fns. omitted.)

In *Tahl,* the California Supreme Court followed *Boykin* in holding that "each of the three rights mentioned--self-incrimination, confrontation, and jury trial--must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." (*Tahl, supra,* 1 Cal.3d at p. 132.)

A defendant's rejection of a plea offer is not analogous to a conviction, nor does it involve a waiver of constitutional rights by a defendant. Therefore there is no merit to Williamson's claim that an inquiry into the voluntariness of a defendant rejecting a plea bargain is required by the "same reasons" that require a court to inquire into the voluntariness of a defendant's plea.

Further, we will not decide theoretical constitutional questions which are based upon faulty premises. (*People v. Fuquay* (2013) 215 Cal.App.4th 883, 912; *People v. Moore* (2011) 51 Cal.4th 1104, 1123 [rejecting equal protection argument based on faulty premise]; *People v. Low* (2010) 49 Cal.4th 372, 393, fn. 11 [due process claim challenging state's actions rejected where argument based upon faulty premise that defendant committed no unlawful act]; *Berardi v. Superior Court* (2008) 160 Cal.App.4th

210, 228 [court will not decide "hypothetical or other questions of constitutional law unnecessary to our disposition of the case"].)  Accordingly, we reject Williamson's contention that the court violated his federal right to due process by its failure to inquire into the voluntariness of his rejection of the plea offer.

## **<u>DISPOSITION</u>**

The judgment is affirmed.